McALILEY



THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHANEL, INC., a New York Corporation<br><br>Plaintiffs,<br><br>vs.<br>TARA M. MCCROSKEY and MARK A. JOHNS, individually and jointly d/b/a NYCLUXURYDEALS.COM d/b/a NYCLUXURYDEALSMEGASTORE.COM d/b/a JOHNS MCCROSKEY and ASSOC. d/b/a MCCROSKEY ASSOCIATES NYCLUXURYDEALS and DOES 1-10<br><br>Defendants. | CASE NO. 06-61914<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |



FILED by INTAKE D.C.
DEC 22 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, TARA M. MCCROSKEY ("McCroskey") and MARK A. JOHNS ("Johns") individually and jointly d/b/a NYCLUXURYDEALS.COM d/b/a NYCLUXURYDEALSMEGASTORE.COM d/b/a JOHNS MCCROSKEY and ASSOC. d/b/a MCCROSKEY ASSOCIATES NYCLUXURYDEALS, and DOES 1-10 (collectively "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125. Furthermore, this is an action where diversity of citizenship exists and the amount in dispute exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since a substantial part of the events giving rise to the Plaintiff's claims occurred in this District and Defendants conduct substantial business activities within this District. Defendants are subject to personal jurisdiction in this District since Defendants may be found conducting business in this District through

various fully interactive Internet websites, including, but not limited to, nycluxurydeals.com and nycluxurydealsmegastore.com.

**THE PARTIES**

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality handbags, under the federally registered trademarks CC MONOGRAM and CHANEL (collectively the "Chanel Marks").

3. McCroskey is an individual, who upon information and belief, conducts business within this Judicial District through interactive Websites, nycluxurydeals.com and nycluxurydealsmegastore.com, and who, upon information and belief, resides and conducts business at 6301 N. 10th Street #317, Philadelphia, Pennsylvania 19141 and P.O. Box 26347, Philadelphia, Pennsylvania 19141. McCroskey uses the names "nycluxurydeals.com," "nycluxurydealsmegastore.com," "Johns McCroskey and Assoc.," and "McCroskey Associates Nycluxurydeals" as aliases to operate her business.

4. Upon information and belief, McCroskey is directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

5. Johns is an individual, who upon information and belief, conducts business within this Judicial District through interactive Websites, nycluxurydeals.com and nycluxurydealsmegastore.com, and who, upon information and belief, resides and conducts business at 6301 N. 10th Street #317, Philadelphia, Pennsylvania 19141 and P.O. Box 26347, Philadelphia, Pennsylvania 19141. Johns uses the names "nycluxurydeals.com," "nycluxurydealsmegastore.com," "Johns McCroskey and Assoc.," and "McCroskey Associates Nycluxurydeals" as aliases to operate his business.

6. Upon information and belief, Johns is directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

7. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. The Plaintiff is presently unaware of the true names of Does 1-5. The Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

8. Defendants Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants. The Plaintiff is presently unaware of the true names of Does 6-10. The Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

9. Chanel is the owner of the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 |
| CC Monogram | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC Monogram | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |

The Chanel Marks are registered in International Class 18 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, travel bags, luggage,

credit card and business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, and attaché cases.

10. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags and other goods for an extended period of time.

11. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

12. The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

13. Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

14. Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality handbags and other goods and has carefully monitored and policed the use of the Chanel Marks.

15. As a result of the Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

16. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags and other goods.

17. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

18. Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least high quality handbags and other goods bearing trademarks which are exact copies of the Chanel Marks (the

"Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion, for different and inferior quality goods.

19. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different to that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

20. Upon information and belief, the Defendants, import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants herein, upon information and belief, misappropriated the Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

21. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

22. The Defendants' use of the Chanel Marks, including the importation, promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without the Plaintiff's consent or authorization.

23. Further, the Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, the Plaintiff and the consuming public will continue to be damaged.

24. The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Counterfeit Goods.

25. The Plaintiff has no adequate remedy at law.

26. The Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

27. The injuries and damages sustained by the Plaintiff has been directly and proximately caused by the Defendants' wrongful importation, reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

28. The Plaintiff has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT**

29. The Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

31. Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing handbags and other goods bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags and other goods.

32. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

33. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

34. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. The Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT**

36. The Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 28 above.

37. The Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

38. The Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, the Defendants' activities are

likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

39. The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

40. Specifically, the Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing handbags and other goods. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

41. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42. The Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

**COUNT III - TRADEMARK DILUTION**

43. The Plaintiff readopts and realleges the allegations set forth in Paragraphs 1 through 28 above.

44. The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. §1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of the Chanel Marks by third parties.

45. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

46. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Chanel's products by, at least, creating an unfair comparison between Chanel's genuine goods and the Defendants' Counterfeit Goods.

47. The Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to Chanel's rights for the purpose of trading on Chanel's reputation and diluting the Chanel Marks.

48. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

**COUNT IV - COMMON LAW UNFAIR COMPETITION**

49. The Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 28 above.

50. This is an action for unfair competition against the Defendants based on their manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Florida's common law of unfair competition.

51. Specifically, the Defendants are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit handbags and other goods.

52. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' product by their use of the Chanel Marks. The

Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

**COUNT V - COMMON LAW TRADEMARK INFRINGEMENT**

53. The Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 28 above.

54. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of the Counterfeit Goods bearing the Chanel Marks. The Plaintiff is the owner of all common law rights in and to the Chanel Marks.

55. Specifically, the Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, offering for sale, selling and distributing infringing handbags and other goods bearing the Chanel Marks.

56. Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks. The Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

**PRAYER FOR RELIEF**

57. WHEREFORE, Chanel's demand judgment jointly and severally against the Defendants as follows:

a. The Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely

advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

b. The Defendants be required to account to and pay the Plaintiff for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to the Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at the Plaintiff election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

c. The Plaintiff be awarded punitive damages.

d. The Plaintiff be awarded pre-judgment interest on its respective judgment.

e. The Plaintiff be awarded their costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

f. The Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 4th day of December, 2006.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.
Counsel for Plaintiff, Chanel, Inc.,
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net

Stephen M. Gaffigan (Fla. Bar. No. 025844)

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Chanel, Inc., a New York corporation

**(b)** County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Stephen M. Gaffigan/STEPHEN M. GAFFIGAN, P.A.
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316 T:(954) 767-4819

**DEFENDANTS**

Tara M. McCroskey, et al.

/MCALILEY

CIV - SEITZ

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by [signature] INTAKE
DEC 22 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

Attorneys (If Known)

06-61914

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06cv61914-Seitz-McAliley

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO

JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

Trademark infringement pursuant to 15 USC 1114

LENGTH OF TRIAL via ______ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD: Stephen M. Gaffigan DATE: 12/21/06

FOR OFFICE USE ONLY

AMOUNT 350.00 RECEIPT # 534064 IFP